ISAIAH D. LEAR, Sheriff of Marion County, *et al.*

*v.*

CHARLES A. MONTROSS.

MEASURE OF DAMAGES—*in an action of trespass.* Where in an action of replevin, the property was found to belong to the defendant therein, and a writ of *retorno*

*habendo* awarded, such writ will not authorize the officer to take the property from the possession of a third person who was not a party to the suit; and if the officer does, under color of the writ, take the property from such third person, he will be guilty of a technical trespass, for which an action will lie, but the measure of damages to be recovered against the officer would be simply for the trespass, and not the value of the property taken.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

The opinion states the case.

Messrs. O'MELVENY & MERRITT, for the appellants.

As to the doctrine relating to trespass on personal property, see *Cameron* v. *Kinney*, 3 Scam. 9.

Messrs. WILLARD & GOODNOW, for the appellee.

If an officer, in the execution of process goes beyond its mandate and takes property from the possession of a stranger, he can only defend himself by showing a better title in himself, or in him for whom he acts: Hilliard on Torts, 2d Vol. 3d Ed. pages 194 and 196; *Perkins* v. *Thornburg*, 10 Cal. 189; *Lyon* v. *Gurie*, 15 Ala. 360; *Crosby* v.*Baker*, 6 Allen, 295; *Commonwealth* v. *Kennard*, 8 Pick. 133; *Brush* v. *Fowler*, 36 Ill. 59; *Jameson* v. *Aiker et al.* 23 Wend. 480.

An officer cannot execute a writ upon a party against whom it does not run, and if he finds the property in the possession of a person not named in the writ, he should return the writ, with an endorsement of such fact; and so he was unable to execute it: *Brush* v. *Fowler*, 36 Ill. 59; Morris on Replevin, pages 170 and 171.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of trespass *de bonis asportatis*, brought to the Circuit Court of Marion county, by Charles A. Montross, against Isaiah D. Lear and others.

The defendants joined in a plea of not guilty, and the defendant Lear, pleaded specially, that he seized and carried away the property in question, under a writ of *retorno habendo*, issued out of the Circuit Court of Marion county, and the other defendants also pleaded specially, adopting the plea of defendant Lear, and justifying their acts as a *posse comitatus*, summoned by the sheriff to aid him in the seizure and carrying away of the property.

A demurrer was sustained to these pleas, and the parties went to trial on the plea of the general issue. A verdict was found for the plaintiff and the damages assessed at four hundred and fifty dollars. A motion for a new trial was overruled, and judgment rendered on the verdict.

To reverse this judgment, the defendants bring the record here by appeal and make their point upon the instructions.

It appears the property was a patent fire-proof safe, which once belonged to the plaintiff, but which he had sold to, and placed in the store of Charles H. Munger. Munger sold out his stock of goods, including this safe, to Charles Dodd and Foster Sutton, and put them in possession. Munger claiming that Dodd and Sutton had not performed their contract with him, by means of which, a forfeiture had accrued, sued out a writ of replevin for the goods, the safe included, against them, under which writ the safe was delivered to Munger and he returned it to the plaintiff in this action of trespass, alleging he had resold it to him, but how he was paid, if at all, is not made very clear.

Although the plea of justification, put in by the defendant Lear, had been ruled out on demurrer, the defendants were permitted without objection, and did give in evidence, under the general issue, the material facts alleged in the special pleas. From those facts, it is apparent, that on the trial of the replevin suit between Munger, and Dodd and Sutton, the

safe was adjudged to be the property of the latter, and it was part of the judgment of the court in that action that it should be returned to them. It was in the execution of this writ of *retorno habendo*, the alleged trespass consisted.

The appellee contends, inasmuch as he was not a party to the action of replevin, and not named in the writ of *retorno habendo*, the sheriff and his assistants, had no lawful right to take the property out of his possession, and for doing so they were trespassers.

The defendants were, undoubtedly, guilty of a technical trespass, the safe being in the possession of a party not named in the writ of *retorno habendo*. Being so, the question remains, what was the proper measure of damages for such trespass.

The court in its instructions on this point, left it to the jury to find the value of the safe, which they did.

The ownership of the safe having been determined, by the finding in the replevin suit, to be in Dodd and Sutton, and so admitted by the plaintiff himself, in this action, it would be unjust to require them to pay the plaintiff the value of the safe. He was entitled to damages for the trespass only.

The jury having found, under the instructions of the court, the value of the safe in damages, for which the court rendered judgment, the same must be reversed and the cause remanded, that a new trial may be had.

It is inadmissible, that the plaintiff should be allowed to recover the value of property the proof shows he did not own, but the defendants Dodd and Sutton did own, at the time the alleged trespass was committed.

Judgment reversed and cause remanded.

*Judgment reversed.*