# THOMAS E. MERRITT *et al.*

*v.*

# WILLIAM B. EAGAN.

TRESPASS *by an officer, in the execution of process—of the rights of privies to the judgment.* A person who was a silent partner of the plaintiff in an action of replevin, in respect to the goods involved in the suit, purchased his co-partner's interest therein pending the suit, and took the property into his own possession. The action of replevin was dismissed without a trial upon the merits, and a writ of *retorno habendo* awarded, which was placed in the hands of an officer, who went upon the premises of the party who had thus obtained the possession of the goods, and seized them under the writ: *Held,* the person from whom the goods were taken under the writ of *retorno habendo,* in either capacity—as a partner of the plaintiff in replevin, or as his vendee pending that suit—was a privy to the judgment awarding the writ of *retorno,* and was estopped from asserting his title as against the right of the officer to execute the writ. The officer was not a trespasser in making return of the property.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of trespass brought in the court below, by William B. Eagan, against Thomas E. Merritt, Samuel R. Carrigan, William R. Hubbard and Charles G. Pearson.

The alleged cause of action, as appears from the declaration, was the breaking and entering the store house of the plaintiff, with force, by the defendants, and taking and carrying away therefrom certain goods and chattels, the property of the plaintiff.

The transaction out of which the suit arose, was as follows:

Charles Munger commenced an action of replevin against Charles Dodd and Foster Sutton, in respect to the same property mentioned, which was taken under the writ and placed in the possession of Munger. The action of replevin was dismissed by the plaintiff without a trial on the merits, and a writ of *retorno habendo* was awarded. Eagan, the plaintiff in

this action of trespass, was a silent partner of Munger in the property, and pending the suit in replevin he purchased from Munger his interest therein, and the property was delivered into the possession of Eagan.

The writ of *retorno habendo* was placed in the hands of the defendant Carrigan, as deputy sheriff, who, with his co-defendants as his assistants, went upon the premises of Eagan and seized the property under the writ, and in this consists the alleged trespass.

A trial resulted in a finding and judgment in favor of the plaintiff for the full value of the property.

The defendants appealed:

Mr. B. B. SMITH, for the appellants.

Mr. HENRY C. GOODNOW and Mr. W. W. WILLARD, for the appellee.

Per CURIAM:  The evidence shows, that appellee was a silent partner of Munger, and was interested in the claim out of which an action of replevin originated, in which Munger was plaintiff and Dodd and Sutton were defendants, and which was dismissed, and a judgment *retorno habendo* was rendered against Munger.  Appellee also purchased of Munger his interest in the property whilst the replevin suit was pending. And the property was seized by the sheriff and his *posse* by virtue of a writ issued under the judgment of *retorno habendo*. Appellee is estopped to claim the property as against this writ, as the partner of Munger, and as his vendee before its return was adjudged.  In either relation he was a privy to the judgment, and is estopped from denying appellants' right to execute the writ.  Munger could not have recovered for trespass in executing the writ, and appellee, from his relation to the transaction, can have no higher or better right than Munger had, unless it should be simply for entering his premises, as he was not named in the writ, but such an entry could not entitle him to more than nominal damages, unless more

force and violence were used than was necessary. See *Lear* v. *Montross*, 50 Ill. 507.

Appellee could not show title in himself, so as to render the return of the property under the writ, a trespass. His partner and vendor having obtained the property by replevin, and on the dismissal of the suit a judgment for the return of the property having been rendered against him, he, or his privies, could not resist or evade its return, by claiming to own the property. After its return he might, no doubt, assert title, as though no judgment had ever been rendered. Or, even before a return, he might have instituted proceedings at law for the purpose of establishing his ownership. But he must submit to have the writ executed, and can not treat the officer as a trespasser, simply because he executes the writ, by restoring the property to the person to whom the court had adjudged it should be returned. But if the officer breaks and enters the close of the person who is the owner of the property, and against whom there is no writ, then the officer is liable for that act as a trespass. The jury, in this case, rendered a verdict for the full value of the property returned, and in this there was error, as there was no trespass in taking it under the writ. The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*